861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. PERRY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-4156.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 The issue in this Social Security case is whether substantial evidence supports the Secretary's finding that the claimant could perform light level work in spite of his alleged mental impairment in combination with his physical infirmities. This appeal results from a second application for disability benefits filed on March 20, 1984. The administrative law judge (ALJ) found that Perry could perform light level work with some nonexertional restrictions on or before September 30, 1983, the date Perry's insured status expired. The Appeals Council denied Perry's request for review. The District Court required a second hearing in an order, dated November 11, 1985, for an evaluation under the revised rules for determining disability due to new mental impairment listings contained in 20 C.F.R. Section 404, Subpart P, App. 1, Sec. 12.00. After a supplemental hearing, the ALJ reaffirmed his decision as did the Appeals Council and the District Court. We, too, affirm the denial of benefits adopting additionally the detailed findings of the District Court.
 
 
 2
 Perry was fifty-two years old at the time he last met the special earning's requirements on September 30, 1983. He has a ninth-grade education and last worked as a scrap metal cutter in 1981. He sustained an injury to his back and neck in 1974 and had a laminectomy in 1981. His neck and back problems worsened in September, 1982, and he claims that these physical problems along with an emotional impairment render him incapable of working.
 
 
 3
 The ALJ found, in March 1985, that there were exertional impairments including a laminectomy, degenerative changes in the lumbar spine and degenerative disc disease at C5-6 and C6-7. In light of those findings, the ALJ determined Perry was capable of performing light work under the applicable guidelines.
 
 
 4
 While Perry has met the first prong of the two-part test for analyzing allegations of disabling pain established in Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), there is substantial evidence in the record to support the ALJ's finding that Perry's allegations of disabling pain are not supported by objective medical evidence. Many of his tests were within the range of normal. He has normal muscle strength, normal range of motion in all of his extremities, and nearly normal range of motion in his neck and lower back. No physician diagnosed nerve root compression. While Perry does have degenerative disc disease of the cervical and lumbar spine, his allegations of severe disabling pain are not supported by substantial evidence.
 
 
 5
 Perry now contends that his emotional disorders coupled with his physical problems render him incapable of working. However, there was no record of any psychiatric diagnosis in the record prior to Perry's visit to psychologist, Earl Greer, in June 1984, in connection with his application for worker's compensation benefits. While the psychologist diagnosed Perry as experiencing depression and thought disorganization, the psychologist's report does not describe specific findings. The conclusions reached by the psychologist describing significant mental restrictions on Perry's ability to perform work-related activities were rejected by the ALJ who found that Dr. Greer lacked credibility given the absence of prior documentation of a mental condition and the discrepancy between the generalized findings in the record and the psychologist's conclusions. Prior to the expiration of his insured status, Perry had not been advised to seek mental health treatment nor had he sought such treatment.
 
 
 6
 Perry argues that the ALJ substituted his lay judgment for that of the expert opinion of Dr. Greer. Perry claims he established the presence of an emotional disorder, generalized anxiety disorder with psychogenic pain, and that the expert opinion of Dr. Greer is uncontroverted by any medical evidence on file.
 
 
 7
 In the Psychiatric Review Technique Form there is no reference to any symptoms resulting in Perry's complete inability to function outside the area of his home. At his first administrative hearing in December 1984, Perry did not offer any testimony regarding mental impairment nor did his attorney question him concerning a mental impairment although Perry did testify at his supplemental hearing to feelings of depression and to a belief that his emotional condition is now worse.
 
 
 8
 The first documentation of a medically determined mental impairment is Dr. Greer's report of June 25, 1984, almost eight months after the expiration of Perry's insured status. Additionally, Perry did not allege a mental impairment in either of his two applications for disability benefits nor complain of a mental impairment during his December, 1984, hearing in which he was represented by counsel. His treating physician and two other physicians who examined him do not mention any mental impairment. The Secretary concluded that Dr. Greer's report consisted of conclusions unsupported by objective medical findings; and consequently, his report was not entitled to controlling weight. There was no indication that the functional limitations described by Dr. Greer in December, 1984, were present on or before September 30, 1983, when Perry's insured status expired. This last factor coupled with Perry's failure to allege a mental impairment prior to his supplemental hearing and the failure of all the other physicians who examined him to comment on the existence of such an impairment convince this Court that the District Court's decision should be affirmed.